# SUPREME COURT OF ARKANSAS

No. CV-17-247

| | |
|---|---|
| MICHAEL ANTHONY CLAY<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | **Opinion Delivered** October 26, 2017<br><br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT<br>COURT [NO. 40CV-16-137]<br><br>HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br><u>AFFIRMED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Michael Anthony Clay filed in the circuit court in the county where he was incarcerated a pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated section 16-112-101 to -123 (Repl. 2016), alleging he was actually innocent of the offense of capital murder and that his due-process rights had been violated.[1] The circuit court dismissed Clay's habeas petition, finding that Clay had failed to establish probable cause that he was being held illegally, that the trial court lacked jurisdiction, or that the commitment was invalid on its face. On appeal, Clay renews his claims; specifically, that the State failed to charge or prove the underlying felony of robbery in furtherance of the

---

[1] A petitioner asserting the right to be released on a writ of habeas corpus on the ground of actual innocence must proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), and the petition must be filed in the court in which the conviction was entered. *See* Ark. Code Ann. § 16-112-201(a) (Repl. 2006). Clay did not invoke Act 1780 in his petition.

murder and that it is a denial of due process to send an accused person to prison following conviction on a charge for which he was never tried. Because Clay failed to establish probable cause for the writ to issue, this court affirms the dismissal of habeas relief.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016); *see Barber v. Kelley*, 2017 Ark. 214, at 3–4. A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for direct appeal or postconviction relief. *See Noble v. Norris*, 368 Ark. 69, 243 S.W.3d 260 (2006). A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

On appeal, Clay contends that he makes "two separate claims under the heading of innocence. One that he is actually innocent of the underlying felony under Arkansas law, and he is innocent of a life[]without parole sentence." Clay first argues that the State failed

to prove robbery as the underlying felony of capital murder pursuant to Arkansas Code Annotated section 5-10-101. Specifically, he contends that the State's only proof indicated that the alleged robbery was an afterthought to the murder and not a motivating factor because "theft was the only evidence proven at trial"; that he should have been considered for the charge of first-degree murder; and that the State failed to allege that the murder and the robbery were all part of one transaction. Clay also vaguely alleges a due-process violation because his conviction was "affirmed under a criminal statute for a violation of which he had not [been] charged in the felony information or found guilty with the underlying felony of robbery." Clay fails to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face.

Claims of actual innocence, which are effectively challenges to the sufficiency of the evidence, are due-process claims that are not cognizable in habeas proceedings. *See Philyaw*, 2015 Ark. 465, at 6, 477 S.W.3d at 507 (Due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court.). In making his actual-innocence challenge, Clay failed to argue that his sentence was facially invalid or that the trial court lacked jurisdiction. Clay's claims regarding the underlying felony of robbery have been raised and specifically addressed by this court on direct appeal from the judgment as a challenge to the sufficiency of the evidence. In his direct appeal, Clay argued that the evidence was "insufficient to establish the allegation that he murdered Glynda Wallace in the course of committing a felony as required for a conviction pursuant to Ark. Code Ann. § 5-10-101" and that his possession of Ms. Wallace's vehicle after the homicide did not indicate that he was guilty of capital felony murder. *Clay v. State*, 324 Ark. 9, 10–11, 919

S.W.2d 190, 190–91 (1996). This court found that Clay's statements, when combined with the evidence of his subsequent conduct with respect to Ms. Wallace's vehicle, were sufficient to show the murder and robbery occurred together. *Id.* at 12, 919 S.W.2d at 192.

Regarding Clay's claim of a due-process violation, he relies on *Cole v. Arkansas*, 333 U.S. 196 (1948), for the proposition that it is as much a "violation of due process to send an accused person to prison following the conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made."[2] Clay reargues, under the guise of a due-process violation, that the intention to commit a robbery was never formed before the beginning of the fatal assault. As stated, due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *See Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. Although claims of a defective information that raise a jurisdictional issue—such as those that raise a claim of an illegal sentence—are cognizable in a habeas proceeding, allegations of a defective information are not generally considered to be jurisdictional and are treated as trial error. *Williams v. Kelley*, 2017 Ark. 200, 521 S.W.3d 104. To the extent Clay attempts to make an allegation of a defective information, he fails to make an assertion of a specific defect or that a defect rendered his sentence illegal.

---

[2] Clay's reliance on *Cole* is misplaced, as it was a case that involved a conviction based on section 2 of Act 193 of the 1943 Arkansas Legislature when the petitioners were charged by information with section 1 of Act 193, and both sections included vastly different standards which affected the petitioners' right to be on notice of the specific charges against them. *Cole*, 333 U.S. at 201. Here, Clay was charged by information and convicted of capital murder pursuant to Arkansas Code Annotated section 5-10-101, and he does not dispute that he was aware of the nature of the charge against him.

Assertions of trial error do not implicate the facial validity of the judgment or the jurisdiction of the trial court.[3]

Affirmed.

*Michael Anthony Clay*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

---

[3] Clay makes a one-sentence claim on appeal that this court "should review the record for objection not made by the Appellant during the proceeding in the trial court." This argument was not raised before the trial court, and we will not consider an argument raised for the first time on appeal. *Dickey v. State*, 2016 Ark. 66, at 4–5, 483 S.W.3d 287, 289. Nevertheless, ineffective-assistance-of-counsel claims are not cognizable in habeas proceedings. *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992).