COURTNEY HUDSON GOODSON, Associate Justice
In 2017, appellant Deandra L. Stephenson filed in the circuit court in the county where he was incarcerated a pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016), alleging that he was entitled to release from custody because the trial court in his criminal case committed error in the conduct of the trial, the evidence was not sufficient to sustain the judgment, and he is innocent of the offenses of which he was convicted. He further argued that the court in a habeas proceeding should look beyond the face of the judgment to determine whether the writ should issue. Stephenson did not contend that any of the sentences imposed on him were outside the statutory range for the offenses of which he was convicted or that the trial court lacked jurisdiction to enter the judgment. The circuit court dismissed Stephenson's petition on the grounds that he failed to establish, as required by the statute, that the trial court lacked jurisdiction or that the commitment was invalid on its face. Stephenson brings this appeal.[1] We find no error and affirm the circuit court's order.
*46 I. Background
In 2007, Stephenson was found guilty by a Pulaski County jury of two counts of capital murder and sentenced to two terms of life imprisonment without parole. He was also found guilty of one count of committing a terroristic act for which 480 months' imprisonment was imposed. The sentences were enhanced pursuant to Arkansas Code Annotated section 16-90-120 (Repl. 2006) for use of a firearm in the commission of the offenses. We affirmed. Stephenson v. State , 373 Ark. 134, 282 S.W.3d 772 (2008).
II. Standard of Review
A circuit court's decision in a habeas proceeding will be upheld unless it is clearly erroneous. Clay v. Kelley , 2017 Ark. 294, 528 S.W.3d 836. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id.
III. Grounds for the Writ
A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when the trial court lacked jurisdiction over the cause. Williams v. Kelley , 2017 Ark. 200, 521 S.W.3d 104 ; Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. Fields v. Hobbs , 2013 Ark. 416, 2013 WL 5775566. Stephenson did not invoke Act 1780.
With respect to Stephenson's argument that the court in a habeas proceeding should not be limited to examining the face of the judgment to determine if the writ should issue, the legislature has declined opportunities to amend the statute to express its disagreement with this court's interpretation, and thus, this court's interpretation remains the law.
It appears that Stephenson's contention that the habeas statute should be viewed more broadly was essentially an attempt to broaden the scope of a habeas action to include claims of trial error and the sufficiency of the evidence to sustain the judgment. If so, we have held that a habeas corpus proceeding does not afford a prisoner an opportunity to retry his case, and a writ of habeas corpus will not be issued to correct errors or irregularities that occurred at trial. The remedy in such a case is a direct appeal. Birchett v. State , 303 Ark. 220, 795 S.W.2d 53 (1990).
IV. Actual Innocence
Stephenson argued that he is entitled to issuance of the writ because he is actually innocent of the offenses. We have held that claims of actual innocence are effectively challenges to the sufficiency of the evidence and are thus due-process claims that are not cognizable in habeas *47 proceedings. Clay , 2017 Ark. 294, 528 S.W.3d 836 ; see also Philyaw , 2015 Ark. 465, 477 S.W.3d 503 (Due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court.). The circuit court did not err in declining to issue the writ on the basis of Stephenson's assertion that he was innocent.
V. Trial Error
Stephenson contended in his petition that he was denied due process of law because there were numerous errors made in the course of his trial, including the following: evidence was allowed into the record that was not admissible; he was not permitted sufficient opportunity to confront and cross-examine witnesses; evidence favorable to the defense was wrongfully excluded; and improper instructions were given to the jury, and jury instructions that should have been given were omitted. He reiterates these claims of trial error in this appeal.
The assertions of trial error are not grounds for the writ. Story v. State , 2017 Ark. 358, 2017 WL 6376368. Assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court. Garrison v. Kelley , 2018 Ark. 8, 534 S.W.3d 136 (noting that assertions of error concerning jury instructions are allegations of trial error that are not cognizable in a habeas proceeding). Again, if there were errors at trial, those issues could, and should, have been raised at trial and on the record on direct appeal and are thus not within the purview of the remedy because the writ will not be issued to correct errors or irregularities that occurred at trial. Barber v. Kelley , 2017 Ark. 214, 2017 WL 2473267.
Affirmed.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
I dissent. The majority disposes of Stephenson's appeal from the trial court's denial of his petition for writ of habeas corpus because his petition failed to show either (1) that the court in which he was convicted lacked jurisdiction or (2) that his commitment order is invalid on its face. Stephenson argues that the law in Arkansas does not require him to make any such showing with his habeas petition, and his argument has merit. To understand how we arrived in this position, it is necessary to review some of the history of habeas proceedings in the Arkansas and Federal judiciaries.
Article 1, section 9, clause 2 of the United States Constitution provides that "[t]he privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." Similarly, Article 2, section 11 of the Arkansas Constitution provides that "[t]he privilege of the writ of habeas corpus shall not be suspended; except by the General Assembly, in case of rebellion, insurrection or invasion, when the public safety may require it." At common law, both the federal and Arkansas habeas provisions were understood to mean that habeas relief would only be available when the commitment order is invalid on its face or when the court from which the commitment order issued lacked jurisdiction to issue such an order. Ex parte Watkins , 28 U.S. (3 Pet.) 193, 7 L.Ed. 650 (1830) ; Ex parte Royster , 6 Ark. 28 (1845).
However, in 1876, Congress passed legislative enactments prescribing the manner by which Article III courts shall address petitions for the writ. See Acts of February 5, 1867 (14 Stat. at L. 385, chap. 28)
*48 ("Application for writ of habeas corpus shall be made to the court, or justice, or judge authorized to issue the same, by complaint in writing, signed by the person for whose relief it is intended, setting forth the facts concerning the detention of the party restrained, in whose custody he is detained, and by virtue of what claim or authority, if known. The facts set forth in the complaint shall be verified by the oath of the person making the application."); see also Rev. Stat. §§ 754-761; Comp. Stat. 1913 §§ 1282-1289. In 1915, the United States Supreme Court interpreted these provisions to expand the parameters under which the writ for habeas corpus will lie. Frank v. Mangum , 237 U.S. 309, 330-31, 35 S.Ct. 582, 59 L.Ed. 969 (1915). There, the Court stated:
The effect [of Acts 1876] is to substitute for the bare legal review that seems to have been the limit of judicial authority under the common-law practice, and under the act of 31 Car. II. chap. 2, a more searching investigation, in which the applicant is put upon his oath to set forth the truth of the matter respecting the causes of his detention, and the court, upon determining the actual facts, is to 'dispose of the party as law and justice require.'
There being no doubt of the authority of the Congress to thus liberalize the commonlaw procedure on habeas corpus in order to safeguard the liberty of all persons within the jurisdiction of the United States against infringement through any violation of the Constitution or a law or treaty established thereunder, it results that under the sections cited a prisoner in custody pursuant to the final judgment of a state court of criminal jurisdiction may have a judicial inquiry in a court of the United States into the very truth and substance of the causes of his detention, although it may become necessary to look behind and beyond the record of his conviction to a sufficient extent to test the jurisdiction of the state court to proceed to judgment against him.
Id.
In 1921, the Arkansas Supreme Court acknowledged this change in the federal habeas jurisprudence in State v. Martineau , 149 Ark. 237, 232 S.W. 609 (1921), where a habeas petitioner was seeking review of his murder trial, which he alleged was invaded by a racist mob of armed white men. However, this court noted that the statute at issue in Mangum only concerned habeas proceedings in federal courts, and elected not to embrace Mangum 's holdings for purposes of Arkansas habeas proceedings. 232 S.W. at 613.
However, the Martineau opinion contained no reference whatsoever to the fact that the Arkansas General Assembly had already passed certain legislative enactments concerning State habeas corpus proceedings that largely mirrors the aforementioned Congressional enactments. Act No. 49 of 1871 set forth the process by which Arkansas courts entertain petitions for writs of habeas corpus, providing in relevant part as follows:
The writ of habeas corpus shall be granted forthwith ... to any person who shall apply for the same by petition, showing, by affidavit or other evidence, probable cause to believe he is detained without lawful authority, or is imprisoned when by law he is entitled to bail.
Acts 1871, No. 49, § 1 [388]. This language, which specifically contemplates the petitioner filing an "affidavit or other evidence," necessarily rejects any intimation that a court's review of a habeas petition is limited to the facial validity of a confinement order. This precise language has been the applicable legal authority for Arkansas habeas petitions ever since its enactment, *49 although other provisions have since been added to Arkansas's habeas corpus statute, now codified at Ark. Code Ann. § 16-112-101 et seq., to address claims of actual innocence based upon new scientific evidence.
Even so, it appears that, since Martineau in 1921, the Arkansas Supreme Court never directly addressed the effect this specific language had upon State habeas proceedings until 1997 in Sawyer v. State , 327 Ark. 421, 938 S.W.2d 843 (1997). There, presented with the petitioner's argument that the "facial invalidity or lack of jurisdiction" rule did not comport with the statute's plain language, this court nonetheless declined to follow the statute's plain language, reasoning as follows:
We have held that a habeas corpus petitioner is being held without lawful authority when the commitment order is invalid on its face or the circuit court lacked jurisdiction. The legislature is presumed to be familiar with this court's interpretation of its statutes, and if it disagrees with those interpretations, it can amend the statutes. Without such amendments, however, this court's interpretation of the statute remains the law.
Sawyer , 327 Ark. at 424, 938 S.W.2d at 845 (internal citations omitted). Arkansas's "facial invalidity or lack of jurisdiction" rule appears to have remained undisturbed ever since.
With all due respect to the Sawyer court, its rationale for declining to follow Ark. Code Ann. § 16-112-103(a)'s plain language is inadequate. A plain mistake is no less so simply because it has been regularly glossed over in the past. I submit that this court should dispose of the "facial invalidity or lack of jurisdiction" rule and simply adhere to the plain language of the applicable statutory authority, just as the United States Supreme Court did in Mangum . For these reasons, I dissent.

Stephenson has raised allegations in his brief that were not raised in his petition, primarily assertions of trial error. Stephenson, who does not contend that he was a minor when he committed the offenses of which he was convicted, also argues for the first time in his brief, without further explanation of the reasoning in support of the claim, that Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), a case pertaining to juvenile offenders, applies to his claims for relief under the habeas statute. This court does not address issues raised for the first time on appeal. Rasul v. State , 2015 Ark. 118, 458 S.W.3d 722.