KAREN R. BAKER, Associate Justice
Appellant Eric Burgie appeals from the denial of his pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). Pending before this court is Burgie's motion for rule on clerk wherein he asks this court for an extension of time to file his brief-in-chief. Therefore, Burgie's motion for rule on clerk is treated as a motion for an extension of time to file his brief-in-chief.
In 2001, Burgie was convicted of capital murder and aggravated robbery and was sentenced to life imprisonment.
*128 We affirmed. Burgie v. State , CR-02-90, 2003 WL 367733 (Ark. Feb. 20, 2003) (unpublished per curiam). In his petition to correct an illegal sentence, Burgie alleged that he was eighteen when he committed the crimes for which he had been convicted and that his mandatory sentence of life imprisonment should be set aside pursuant to the United States Supreme Court's holdings in Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). Burgie argues that Graham should apply to his conviction because his murder charge was not based on an actual intent to murder the victim but rather on an intent to aid in the commission of an aggravated robbery.
An appeal from an order that denied a petition for postconviction relief, including a petition under section 16-90-111, will not be permitted to go forward when it is clear that there is no merit to the appeal. Jackson v. State , 2018 Ark. 291, 558 S.W.3d 383. The trial court's decision to deny relief under section 16-90-111 will not be overturned unless that decision is clearly erroneous. Id. Here, it is apparent from the record that the denial of relief was not clearly erroneous and that Burgie cannot prevail on appeal. Therefore, the appeal is dismissed, which renders Burgie's motion moot.
Section 16-90-111 provides authority to a trial court to correct an illegal sentence at any time. Redus v. State , 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal on its face. Id. Sentencing is entirely a matter of statute in Arkansas, and a sentence is illegal when it exceeds the statutory maximum, as set out by statute, for the offense for which the defendant was convicted. Id. Burgie contends that his sentence is illegal on its face because he was eighteen when he committed the crimes of capital murder and aggravated robbery.
In Miller , 567 U.S. 460, 132 S.Ct. 2455, the United States Supreme Court concluded that mandatory life-without-parole sentences for juveniles under the age of eighteen violate the Eighth Amendment. Likewise, in Graham , 560 U.S. 48, 130 S.Ct. 2011, the Court concluded that a life sentence for a juvenile under the age of eighteen who commits a nonhomicide offense violates the Eighth Amendment.
The United States Supreme Court has not extended its holdings to offenders that were eighteen when the crime was committed, and federal courts that have addressed this issue have soundly rejected the application of the reasoning in Miller and Graham to claims raised by petitioners who were eighteen or older when their crimes were committed.[1] See Wright v. United States , 902 F.3d 868 (8th Cir. 2018) (relief from the imposition of a life sentence denied to a petitioner whose conspiratorial conduct began as a juvenile but extended into his adult years); Ong Vue v. Henke , 746 F. App'x 780 (10th Cir. 2018) (The constitutional protections established in Miller and Graham have never been extended to persons who were at least eighteen when the crimes were committed.). In general, society has drawn a line between a juvenile and an adult at the age of eighteen, which the United States Supreme Court has relied on for sentencing purposes.
*129 Under Arkansas law, capital murder carries two possible sentences-death or life without parole. Ark. Code Ann. § 5-10-101(c) (Repl. 1997). Because Burgie was an adult when he committed capital murder, the sentence of life imprisonment was not illegal. Redus , 2019 Ark. 44, 566 S.W.3d 469.
Appeal dismissed; motion moot.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
Until the briefing is complete, all this court has pending before it is Mr. Burgie's motion for an extension of time to file his brief. Because he has not yet filed his brief, his appeal is not perfected, and we do not have jurisdiction to decide his appeal on the merits.
I note further that while Mr. Burgie's argument would require an extension of the holding in Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), the law in this area is by no means so settled as to make such an argument frivolous. Recall that this court rejected the very argument that carried the day in Miller in Jackson v. Norris , 2011 Ark. 49, 378 S.W.3d 103, cert. granted , 565 U.S. 1013, 132 S.Ct. 548, 181 L.Ed.2d 395 (2011). This court's summary rejection of Mr. Jackson's argument resulted in his case becoming a companion case to Miller .
I respectfully dissent.

A Connecticut Federal District Court appears to be the only court to extend the holding in Miller to an offender who was eighteen when the crime was committed. See Cruz v. United States , Civil Action No. 11-CV-787, 2018 WL 1541898 (JCH) (D. Conn. Mar. 29, 2018).