Cite as 2020 Ark. 200

# SUPREME COURT OF ARKANSAS

No. CV-19-701

| | |
|---|---|
| RAYMOND DAVID LEACH<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | Opinion Delivered May 21, 2020<br><br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-19-80]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

## JOHN DAN KEMP, Chief Justice

Appellant Raymond David Leach appeals the denial of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Because Leach stated no ground in the petition on which the writ could issue, we affirm the circuit court's order.

## I. *Background*

In 2011, a jury convicted Davis of capital murder in the stabbing death of Christopher Casey. Davis was sentenced to life imprisonment without parole. We affirmed. *Leach v. State*, 2012 Ark. 179, 402 S.W.3d 517. In his habeas-corpus petition, Leach alleged that he was entitled to relief because he was mentally incompetent both at the time of trial and when the offense was committed, that the evidence supporting his conviction was insufficient, and that no mitigation evidence regarding his history of mental illness was submitted during the sentencing proceeding. The circuit court dismissed the petition and

concluded that his claims of mental incapacity, insufficiency of the evidence, and ineffective assistance of counsel are not cognizable in a habeas proceeding. On appeal, Davis argues that the circuit court erred and that habeas relief should be expanded to include consideration of matters beyond the face of the judgment.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner who files a writ seeking scientific testing of evidence and does not allege his or her actual innocence and proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16–112–201 to –208 (Repl. 2016), must plead either the facial invalidity of the judgment or the lack of jurisdiction by the circuit court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16–112–103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the circuit court lacked jurisdiction or that the

2

commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

### III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### IV. *Claims for Relief*

Leach's grounds for relief consisted of allegations challenging the sufficiency of the evidence supporting his guilt, his lack of culpability as a result of his mental illness and drug abuse, and the failure of counsel to offer sufficient evidence to mitigate his sentence. On appeal, Leach argues that this court should broaden the reach of habeas relief by looking beyond the face of the judgment on the basis of language in Arkansas's habeas statute and to consider claims of innocence based on federal habeas standards.[1]

This court recently considered and rejected arguments to broaden the scope of the writ to go beyond examining the face of the judgment to determine whether the writ should issue. *Crockett v. Kelley*, 2020 Ark. 26 (citing *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44). A habeas proceeding is not a substitute for either direct appeal or postconviction relief. *Id.* This court's long-standing interpretation of the statute is the law,

---

[1]Leach's federal habeas claim was dismissed. *Leach v. Kelley*, 2018 WL 2185941 (May 11, 2018).

and a habeas inquiry is limited to the face of the commitment order. *Id.* Therefore, habeas proceedings are not a means to challenge the sufficiency of the evidence in a case, and a habeas action does not afford a petitioner the opportunity to retry his or her case. *Id.* Leach's allegation of innocence appears to be based on his contention that he was mentally incompetent when he committed the crime. An allegation that a petitioner was incorrectly found competent as a result of defective evidence falls outside the limitations of the writ. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408. Furthermore, Leach did not invoke the provisions of Act 1780, codified at sections 16-112-201 to -208, in conjunction with his assertion of innocence. Finally, claims of ineffective assistance of counsel are not cognizable as a ground for the writ. *Muhammad v. State*, 2020 Ark. 47, 592 S.W.3d 242. The circuit court did not clearly err when it rejected Leach's claims as not cognizable under our long-standing interpretation of the Arkansas habeas statute.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent from the majority's declaration that "[t]his court's long-standing interpretation of the statute is the law, and a habeas inquiry is limited to the face of the commitment order." As I have observed, this conception of habeas corpus is dated, senselessly narrow, and legally incorrect. *See, e.g.,* *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44 (Hart, J., dissenting). Arkansas's habeas corpus law inescapably contemplates a more detailed inquiry than just the face of the commitment order. *See Watkins v. Kelley*, 2018 Ark. 215, 549 S.W.3d 908 (Hart, J., dissenting) ("The writ of habeas corpus should not be fettered by such a narrow conception

4

of its purpose. Ark. Code Ann. § 16-112-103's plain language, which contemplates the petitioner filing an 'affidavit or other evidence,' necessarily rejects any intimation that a court's review of a habeas petition is limited to an examination of the facial validity of the confinement order or to whether the court that issued the confinement order had proper jurisdiction."). Some errors are too glaring to ignore or endorse. The majority's interpretation of our habeas corpus law is so far removed from its plain language that it amounts to a due process and fair notice problem for those reading the statute. In this matter, I would assess the merits of Leach's petition.

I dissent.

*Raymond David Leach*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent Holt*, Ass't Att'y Gen., for appellee.