Cite as 2020 Ark. 237

# SUPREME COURT OF ARKANSAS
No. CV-19-667

|  |  |
|---|---|
| RICO BENTON<br><br>                                    APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>                                      APPELLEE | **Opinion Delivered** June 11, 2020<br><br>PRO SE APPEAL FROM THE LINCOLN<br>COUNTY CIRCUIT COURT<br>[NO. 40CV-19-59]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br><u>AFFIRMED</u>. |

**KAREN R. BAKER, Associate Justice**

In 1995, appellant Rico Benton entered a plea of guilty to capital murder and was sentenced to life imprisonment without parole. Benton now appeals the denial and dismissal of his pro se petition for writ of habeas corpus. Benton argues on appeal, as he did in his petition below, that his sentence of life imprisonment without parole is unconstitutional and should be set aside pursuant to the United States Supreme Court's holdings in *Miller v. Alabama*, 567 U.S. 460 (2012), and its progeny. Specifically, Benton contends that although he was twenty-one years old when he committed the offense of capital murder, the general principle in *Miller* that mandatory life-without-parole sentences should not apply to juveniles under the age eighteen because it violates the Eighth Amendment should apply to him because he was still young and immature. The circuit

court denied relief and dismissed the habeas petition, finding that *Miller* has not been applied to extend relief to offenders over the age of eighteen. We find no error and affirm.

## I. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. *Id.*; Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Clay v. Kelley*, 2017 Ark. 294, 528 S.W.3d 836.

## II. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408.

III. *Application of* Miller *to Offenders Over Eighteen Years Old*

Benton contends that although he was not a juvenile at the time of the offense, the mandatory sentence of life imprisonment without parole violates the Eighth Amendment. Citing cases such as *Miller* and *Graham v. Florida*, 560 U.S. 48 (2010), Benton contends that states have enacted statutes providing greater protections for offenders between eighteen and twenty-one years of age, even though they are not juveniles under the law. Benton fails to establish that the writ should issue, and the circuit court did not clearly err by denying his request for relief.

The United States Supreme Court has not extended its holdings to offenders that were eighteen or older when the crime was committed, and federal courts that have addressed this issue have rejected the application of the reasoning in *Miller* and *Graham* to claims raised by petitioners who were eighteen or older when their crimes were committed.[1] *Burgie v. State*, 2019 Ark. 185, 575 S.W.3d 127. "In general, society has drawn a line between a juvenile and an adult at the age of eighteen, which the United States Supreme Court has relied on for sentencing purposes." *Id.* at 3, 575 S.W.3d at 128.

Capital murder carries with it the possibility of two sentences—death or life without parole. Ark. Code Ann. § 5-10-101(c) (Repl. 1993). Because Benton was an adult when he committed the capital murder, the sentence of life imprisonment without parole is not a

---

[1]Although Benton cites *Graham* in support of his claim, *Graham* is inapplicable—not only because Benton is not a juvenile but also because Benton committed a homicide offense. In *Graham*, the Court concluded that a life sentence for a juvenile under the age of eighteen who commits a nonhomicide offense violates the Eighth Amendment.

3

violation of the Eighth Amendment, nor is it illegal, much less illegal on its face. When the petitioner does not show that the judgment of conviction is invalid on its face, the claim does not implicate the jurisdiction of the court to hear the case and is therefore not cognizable in a habeas proceeding. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. The circuit court did not clearly err when it determined that Benton had failed to state grounds demonstrating probable cause that he is being illegally detained.

IV. *Evidentiary Hearing*

Benton also contends that the circuit court should have held a hearing on his habeas petition. Our statutory scheme does not mandate a hearing on a petition for writ of habeas corpus regardless of the allegations contained in it. *Noble v. State*, 2019 Ark. 284, 585 S.W.3d 671. A hearing is not required on a habeas petition when probable cause for issuance of the writ is not shown by affidavit or other evidence. *Id.* Because Benton failed to establish probable cause for issuance of the writ, he did not establish he was entitled to a hearing. *Id.*

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** In accordance with the Supreme Court of the United States' decision in *Jackson v. Arkansas*, 567 U.S. 460, a companion case to *Miller v. Alabama*, Mr. Benton is entitled to have an evidentiary hearing in which he could develop his case for extending *Miller v. Alabama*, 567 U.S. 460 (2012), and its progeny. In *Jackson v. Norris*, 2011 Ark. 49, 378 S.W.3d 103, this court affirmed the

4

dismissal of Jackson's habeas petition for the exact reasons cited by the majority in the case before us--habeas corpus lies only when the commitment order is invalid on its face or where the court authorizing the commitment lacked jurisdiction. After granting certiorari, the Supreme Court of the United States rejected the Arkansas formulation regarding the writ of habeas corpus and granted Jackson relief. However, despite the Supreme Court's unequivocal rejection of this court's attempt to pare the writ of habeas corpus, this court inexplicably continues to cite the thoroughly discredited assertion that the writ of habeas corpus lies only when the commitment order is invalid on its face or where the court authorizing the commitment lacked jurisdiction. This is wrong for many reasons.

First, the Arkansas Supreme Court is bound to follow the precedent of the Supreme Court of the United States. *See, e.g.*, *State v. Sullivan*, 348 Ark. 647, 74 S.W.3d 215; *State v. Brown*, 356 Ark. 460, 156 S.W.3d 722 (2004). While an inclination by this court to not follow Supreme Court precedent is not unknown, *see, e.g.*, *Briggs v. State*, 236 Ark. 596, 367 S.W.2d 750 (1963), it is ultimately self-defeating. *Briggs* was vacated by the Supreme Court in *Hamm v. City of Rock Hill*, 379 U.S. 306 (1964).

Second, the majority is apparently blithely unaware that the writ of habeas corpus is guaranteed by the federal and state constitutions. Article 1, section 9, clause 2 of the United States Constitution provides that "[t]he privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." Similarly, article 2, section 11 of the Arkansas Constitution provides that "[t]he privilege of the writ of habeas corpus shall not be suspended; except by the General

5

Assembly, in case of rebellion, insurrection or invasion, when the public safety may require it." Obviously, the majority's decision is not driven by rebellion, invasion, or insurrection. This court is also obviously *not* the General Assembly. Accordingly, the denial of the full privilege of the writ of habeas corpus in this instance is unconstitutional.

Third, I am mindful that in *Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997), this court defended its limitation on the writ of habeas corpus despite express language in the enabling legislation, Arkansas Code Annotated sections 16-112-101 et seq. The *Sawyer* court, when confronted with a petitioner's argument that the "facial invalidity or lack of jurisdiction" rule did not comport with our habeas statute's plain language, stated:

We have held that a habeas corpus petitioner is being held without lawful authority when the commitment order is invalid on its face or the circuit court lacked jurisdiction. The legislature is presumed to be familiar with this court's interpretation of its statutes, and if it disagrees with those interpretations, it can amend the statutes. Without such amendments, however, this court's interpretation of the statute remains the law.

*Sawyer*, 327 Ark. at 424, 938 S.W.2d at 845 (internal citations omitted). However, the *Sawyer* court's rationale for declining to follow the plain language of Arkansas Code Annotated section 16-112-103(a) is not an interpretation of the statute rather, it is wholesale legislation from the bench in flagrant violation of the separation of powers.

Regarding the merits of Mr. Benton's petition, I cannot ignore that denying him a hearing has hampered the full development of this case. However, in my view, it is reminiscent of *Jackson v. Norris*, 2011 Ark. 49, 378 S.W.3d 103, in that this court failed to

6

recognize and apply the Supreme Court's guidance embodied in *Roper v. Simmons*, 543 U.S. 551 (2005), and *Graham v. Florida*, 560 U.S. 48 (2010). The consequence, as noted previously, was that *Jackson* became a companion case to the Supreme Court's decision in *Miller*, 567 U.S. 460.

In *Roper*, *supra*, the case in which the death penalty for juvenile offenders was declared unconstitutional, the Supreme Court outlined the methodology for analyzing issues related to the Eighth Amendment.

The prohibition against "cruel and unusual punishments," like other expansive language in the Constitution, must be interpreted according to its text, by considering history, tradition, and precedent, and with due regard for its purpose and function in the constitutional design. To implement this frame work we have established the propriety and affirmed the necessity of referring to "the evolving standards of decency that mark the progress of a maturing society" to determine which punishments are so disproportionate as to be cruel and unusual.

543 U.S. at 560–61 (quoting *Trop v. Dulles*, 356 U.S. 86, 100–01 (1958)). The *Roper* Court based its decision to proscribe the death penalty for juvenile offenders on three general differences between juveniles and adults which demonstrate "that juvenile offenders cannot with reliability be classified among the worst offenders." 543 U.S. at 569. These differences are (1) that lack of maturity and an underdeveloped sense of responsibility are found in youth more often than in adults; (2) that juveniles are more vulnerable or susceptible to negative influences and outside pressures, including peer pressure; and (3) that the character of a juvenile is not as well formed as that of an adult. 543 U.S. at 569–70. I am mindful that *Graham* and *Miller* drew a line for the heightened scrutiny of the maturity level for youthful offenders at eighteen. However, the level of maturity in an

individual does not necessarily correlate directly with his or her chronological age. I would reverse the circuit court's dismissal of Mr. Benton's habeas petition and remand for development of his case in an evidentiary hearing.

I dissent.

*Rico Benton*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.