Cite as 2022 Ark. 163

# SUPREME COURT OF ARKANSAS

No. CR–21–607

| | | |
|---|---|---|
| MARK ROBINSON | | **Opinion Delivered:** September 22, 2022 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-93-334] |
| V. | | |
| | | HONORABLE BRENT DILLON HOUSTON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Mark Robinson was nineteen years old when he murdered Terrell Roberson. In 1993, he pleaded guilty to first-degree murder and was sentenced to life imprisonment. Robinson filed a postconviction motion to reduce his sentence with the circuit court, arguing that Arkansas courts should expand their interpretation of the Eighth Amendment as it relates to sentencing young adults. The circuit court denied his motion. We affirm.

In *Miller v. Alabama*, 567 U.S. 460 (2012), the United States Supreme Court held that a mandatory sentence of life imprisonment without parole for those under eighteen at the time of their crimes violates the Eighth Amendment's prohibition on "cruel and unusual punishments." Robinson, citing *Miller* and some law review articles and reports, argues that there should be individualized determination of culpability in young adult offenders' sentencing. He asks the court to revisit and reduce his sentence based on circumstances surrounding his youth at the time of the offense.

The circuit court denied Robinson's petition because no Arkansas law gave it jurisdiction to modify his sentence under these circumstances. We review questions of law de novo. *See White v. State*, 2018 Ark. 81, 540 S.W.3d 291.

Given he was nineteen, *Miller* does not provide Robinson relief, and we have declined to extend *Miller* to persons who were eighteen or over when the crime was committed. *See, e.g.*, *Burgie v. State*, 2019 Ark. 185, at 3, 575 S.W.3d 127, 128; *Benton v. Kelley*, 2020 Ark. 237, 602 S.W.3d. 96 (considering *Miller*'s applicability solely under the Eighth Amendment to the United States Constitution). And no Arkansas statute allows for reconsideration of Robinson's sentence here. Generally, once the trial court enters a judgment and commitment order, jurisdiction is transferred to the executive branch of our government. *See Richie v. State*, 2009 Ark. 602, 357 S.W.3d 909. Although some statutes, rules, and writs allow the trial court to exercise jurisdiction in certain instances, Robinson's motion does not allege any that are applicable. *Jackson v. State*, 2018 Ark. 209, 549 S.W.3d 346. Therefore, the circuit court correctly concluded it lacked jurisdiction to reduce Robinson's sentence, and we affirm.

Affirmed.

WOMACK and WEBB, JJ., concur without opinion.

*Mark Robinson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.

2