Cite as 2023 Ark. 29

# SUPREME COURT OF ARKANSAS

**No.** CV-22-194

| | | |
|---|---|---|
| | | **Opinion Delivered:** March 9, 2023 |
| BOBBY J. GIBBS | | |
| | APPELLANT | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT |
| | | [NO. 40CV-21-124] |
| V. | | |
| | | HONORABLE JODI RAINES DENNIS, JUDGE |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | |
| | | AFFIRMED. |
| | APPELLEE | |

**JOHN DAN KEMP, Chief Justice**

Appellant Bobby J. Gibbs appeals the Lincoln County Circuit Court's order dismissing his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). For reversal, Gibbs argues that the circuit court erred in (1) refusing to extend the holding in *Miller v. Alabama*, 567 U.S. 460 (2012), to individuals between the ages of eighteen and twenty-one, and (2) depriving him of an evidentiary hearing. We affirm.

## I. *Facts*

On April 20, 1981, Gibbs pleaded guilty to capital murder and was sentenced to life imprisonment without parole. He was eighteen years old when he committed the murder. On December 27, 2021, Gibbs filed a pro se petition for writ of habeas corpus. He sought an expansion of the holding in *Miller*, 567 U.S. at 479, which prohibits mandatory life-without-parole sentences for juvenile offenders, to include individuals who were between

the ages of eighteen and twenty-one at the time of their offenses. The circuit court dismissed the habeas petition, finding that Gibbs was eighteen years old when he committed the capital murder and that he failed to make a showing of probable cause to believe that he was illegally detained. He appeals from that order.

## II. *Writ of Habeas Corpus*

On appeal, Gibbs makes the same argument that he raised in his petition to the circuit court. He also contends that the circuit court erroneously deprived him of an evidentiary hearing. A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Ratliff v. Kelley*, 2018 Ark. 105, at 2, 541 S.W.3d 408, 409.

### A. Applicable Law

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, at 4, 477 S.W.3d 503, 505. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 413, 255 S.W.3d 466, 471 (2007). A petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the circuit court and show, by affidavit or other evidence, probable cause to believe that he or she is being illegally detained. *Id.*, 255 S.W.3d at 471; Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the circuit court lacked

2

jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Clay v. Kelley*, 2017 Ark. 294, at 2, 528 S.W.3d 836, 838.

## B. Claims for Relief

Gibbs first argues that the circuit court erred in refusing to expand the *Miller* prohibition on mandatory life-without-parole sentences for juveniles to include offenders who were between the ages of eighteen and twenty-one. In *Benton v. Kelley*, 2020 Ark. 237, 602 S.W.3d 96, this court addressed the application of *Miller* to individuals who were eighteen years old or older at the time of their offenses. In *Benton*, we held that Benton's sentence of life imprisonment without parole for a capital murder that he committed as an adult was not illegal on its face. *Id.* at 4, 602 S.W.3d at 99. We noted that the Supreme Court has not extended its holdings to offenders who were eighteen or older when their crimes were committed, and federal courts that have addressed this issue have rejected the application of the reasoning in both *Miller* and *Graham v. Florida*, 560 U.S. 48 (2010), to claims raised by petitioners who were eighteen or older when their crimes were committed. *Id.* at 3, 602 S.W.3d at 98.

Here, because Gibbs was eighteen years old when he committed the capital murder for which he was sentenced to life imprisonment without parole, we hold that his sentence is not illegal on its face. When the petitioner does not show that the judgment of conviction is invalid on its face, the claim does not implicate the jurisdiction of the court to hear the case and is therefore not cognizable in a habeas proceeding. *Id.* at 4, 602 S.W.3d at 99.

3

Thus, the circuit court did not clearly err when it determined that Gibbs had failed to state grounds demonstrating probable cause that he is being illegally detained.

Next, Gibbs contends that the circuit court should have held a hearing on his habeas petition. Our statutory scheme does not mandate a hearing on a petition for writ of habeas corpus regardless of the allegations contained in it. *Noble v. State*, 2019 Ark. 284, at 3, 585 S.W.3d 671, 674. A hearing is not required on a habeas petition when probable cause for issuance of the writ is not shown by affidavit or other evidence. *Id.*, 585 S.W.3d at 674. Gibbs failed to show probable cause for issuance of the writ; therefore, he did not establish that he was entitled to a hearing. *Id.*, 585 S.W.3d at 674.

Affirmed.

*Bobby J. Gibbs*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.