Cite as 2024 Ark. 56

# SUPREME COURT OF ARKANSAS

**No.** CV-23-552

| | |
|---|---|
| LEE STOKES<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION<br><br>APPELLEE | **Opinion Delivered:** April 11, 2024<br><br>PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-23-11]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

**BARBARA W. WEBB, Justice**

Appellant Lee Stokes appeals the Lincoln County Circuit Court's order denying and dismissing his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). Stokes argues on appeal, as he did below, that *Miller v. Alabama*, 567 U.S. 460 (2012), should be expanded and that it was intended to be applied in an "individualized" manner because there is no neurotypical, cognitive, or emotional distinction to be made between a "juvenile" teenager and "non-juvenile" teenager. We affirm.

Stokes was convicted of capital murder and two counts of first-degree battery for which he was sentenced to life imprisonment without parole for the capital murder and 120 months' imprisonment for each battery conviction, to be served concurrently with the life sentence. Stokes appealed, and this court affirmed. *Stokes v. State*, 359 Ark. 94, 194 S.W.3d 762 (2004).

On January 30, 2023, Stokes filed in the county where he is incarcerated a pro se petition for writ of habeas corpus in which he argued that a mandatory sentence of life imprisonment without parole for a nineteen-year-old violates the cruel-and-unusual-punishment clause of the Eighth Amendment; that society's standards of decency are ever evolving and that jurisprudence must reflect that evolution; that states have more broadly interpreted the cruel-and-unusual-punishment clause and that many courts are reexamining the constitutionality of life without parole with regard to nonjuvenile teenagers; that *Miller* implicated an individualization requirement when looking at cases; that nineteen-year-olds share the qualities of youth that make juveniles "different"; and that expanding *Miller* to nineteen-year-olds is the logical next step in our Eighth Amendment jurisprudence. The circuit court issued its order denying relief on April 26, 2023, finding that the Arkansas Supreme Court has refused to extend *Miller* and *Graham* and that Stokes had not presented any evidence or law to support a finding contrary to legal precedent, and as a result, he had failed to make a showing, by affidavit or other evidence, of probable cause to believe he is illegally detained.

Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Clay v. Kelley*, 2017 Ark. 294, 528 S.W.3d 836. A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with

2

a definite and firm conviction that a mistake has been made. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408.

On appeal, Stokes contends that *Miller* should be extended to nineteen-year-olds in Arkansas and that Arkansas's failure to do so is a blatant disregard for scientific evidence and the significant role that scientific evidence played in deciding *Miller*. Essentially, Stokes argues that there is no difference between sentencing someone who is seventeen years old to a mandatory sentence of life without parole and someone who is nineteen. He further argues that his case specifically exemplifies the need for an "individualized approach." In claiming that his case exemplifies an "individualized approach," Stokes argues for the first time on appeal facts specific to this case regarding his childhood and his IQ. We will not consider arguments that are raised for the first time on appeal. *Livingston v. Payne*, 2023 Ark. 84, 665 S.W.3d 227. Stokes's remaining claims fail to demonstrate that he is entitled to habeas relief.

This court recently addressed the application of *Miller* to individuals who were eighteen years old or older at the time of their offenses in *Benton v. Kelley*, 2020 Ark. 237, 607 S.W.3d 96, and in *Gibbs v. Payne*, 2023 Ark. 29, 660 S.W.3d 579. In *Benton*, we held that the sentence of life imprisonment without parole for a capital murder committed as an adult was not illegal on its face, and we noted that the Supreme Court has not extended its holdings to offenders who were eighteen or older when their crimes were committed. 2020 Ark. 237, at 4, 602 S.W.3d at 98–99. In the same vein, we held in *Gibbs* that Gibbs's sentence of life imprisonment without parole for a capital murder committed as an eighteen-year-old adult was not illegal on its face. 2023 Ark. 29, at 3, 660 S.W.3d at 582.

Because Stokes was nineteen when he committed the capital murder for which he was sentenced to life imprisonment without parole, we hold that his sentence is not illegal on its face. When a petitioner fails to show that a judgment of conviction is invalid on its face, the claim does not implicate the jurisdiction of the court to hear the case and is therefore not cognizable in a habeas proceeding. *Gibbs*, 2023 Ark. 29, 660 S.W.3d 579. The circuit court did not err by determining Stokes had failed to show that he had probable cause to believe he is being illegally detained.

Affirmed.

*Lee Edwards Stokes, Jr.*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.