Cite as 2026 Ark. 83

# SUPREME COURT OF ARKANSAS
No. CR–25–575

|  |  |  |
|---|---|---|
| GREG HOGUE | | **Opinion Delivered:** April 23, 2026 |
| | APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION; MOTION FOR APPOINTMENT OF COUNSEL AND FOR ORAL ARGUMENT |
| V. | | |
| STATE OF ARKANSAS | | [NO. 60CR–94–904] |
| | APPELLEE | |
| | | HONORABLE KAREN D. WHATLEY, JUDGE |
| | | <u>AFFIRMED; MOTION DENIED</u>. |

**NICHOLAS J. BRONNI, Associate Justice**

Greg Hogue appeals the circuit court's denial of his petition to correct an illegal sentence, arguing that his sentence for life in prison without parole violates Arkansas's constitutional prohibition against cruel or unusual punishments. *See* Ark. Const. art. 2, § 9. Hogue acknowledges that—because he was eighteen when he committed capital murder—he cannot rely on the Supreme Court's decision in *Miller v. Alabama*, which created an Eighth Amendment prohibition on mandatory life sentences for juveniles. 567 U.S. 460, 465 (2012). Instead, he asks the court to extend *Miller*'s protections because other jurisdictions have done so. We reject that request for two reasons.

First, we have held that these types of claims are not cognizable on a petition to correct an illegal sentence. *See Mister v. State*, 2022 Ark. 35, at 7, 639 S.W.3d 331, 336 (rejecting an Eighth Amendment claim on a petition to correct an illegal sentence). Illegal

sentences exist only when a defendant receives a sentence outside the permitted statutory range or when the circuit court acts without jurisdiction.  *Id*. at 5, 639 S.W.3d at 335. Hogue's constitutional argument does not fall into either category.  As such, it is better suited for a habeas proceeding.  *See Hobbs v. Gordon*, 2014 Ark. 225, at 8, 434 S.W.3d 364, 369 (entertaining a *Miller* claim on habeas).

Second, even assuming his claim was cognizable, it would still fail because nothing in the Arkansas Constitution requires a categorical expansion of *Miller*.  On the contrary, this court has previously interpreted our constitution consistent with its federal counterpart. *Kelley v. Johnson*, 2016 Ark. 268, at 14, 496 S.W.3d 346, 357.  And Hogue does not explain how textual or historical differences compel the more protective categorical rule that he seeks.  *See Gamble v. State*, 2026 Ark. 44, at 11.

Nor does the authority Hogue cites from other jurisdictions alter the analysis.  At most, Hogue cites cases extending *Miller* based on data indicating that there is little neurological difference between a seventeen-year-old juvenile and an eighteen-year-old adult.  *See People v. Taylor*, ___ N.W.3d ___, ___, 2025 WL 1085247, at *5 (Mich. 2025). But that data existed at the time the Supreme Court decided *Miller*.  *See Miller*, 567 U.S. at 472 n.5 (citing portions of an amicus brief arguing brain development continues into an individual's twenties).  So that data is not a basis for extending *Miller*'s holding, and we reaffirm our previous refusal to extend *Miller*.[1]  *See Gibbs v. Payne*, 2023 Ark. 29, at 1, 660

---

[1]Rather than compelling an expanded categorical rule, the data Hogue references suggest *Miller* should not have set a categorical rule prohibiting mandatory life sentences at all—arbitrarily shielding "young killers, giving them a greater chance to reform themselves at the risk that they will kill again."  *Miller*, 567 U.S. at 502 (Roberts, C.J., dissenting). Indeed, at most, Hogue's argument merely underscores why legislatures are better equipped

S.W.3d 579, 581 (rejecting claim to extend *Miller*); *Benton v. Kelley*, 2020 Ark. 237, at 3, 602 S.W.3d 96, 98 (same); *Burgie v. State*, 2019 Ark. 185, at 3, 575 S.W.3d 127, 128 (same).

Affirmed; motion denied.

BAKER, C.J., and HUDSON and WOOD, JJ., concur.

**COURTNEY RAE HUDSON, Justice, concurring.** I join the majority opinion with the exception of the footnote. It is entirely unnecessary to comment on the wisdom of the United States Supreme Court's opinion in *Miller v. Alabama*, 567 U.S. 460 (2012), to resolve this appeal. However, as this court does delve into *Miller*, I feel compelled to defend that decision.

The *Miller* court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. Citing prior juvenile cases and the fact that children are constitutionally different from adults for purposes of sentencing, the Supreme Court recognized that "youth matters in determining the appropriateness of a lifetime of incarceration without the possibility of parole." *Miller*, 567 U.S. at 473. In fact, *Miller* stands for the sound proposition that juveniles should not *automatically* receive life without parole sentences. *Miller*'s holding is spot on.

The majority's concern that *Miller* should not have set a "categorical rule" for those under age eighteen is misplaced. *Miller* "does not categorically bar a penalty for a class of offenders or type of crime." *Id.* at 483. Rather, *Miller* requires sentencing that contemplates individualized reflection of the juvenile's circumstances. Judges and juries are still free to

---

to handle these complicated and dynamic issues and that—absent constitutional text dictating otherwise—courts should defer to those decisions. *See id.*

sentence juvenile homicide offenders to life imprisonment after considering the facts of each individual case. The Supreme Court has merely allowed for consideration of the juvenile's age and attendant age-related characteristics, the juvenile's home environment, the circumstances of the homicide offense (including the extent of the juvenile's participation in the conduct and the way familial and peer pressures may have affected him or her), and the possibility of rehabilitation. *See id.* at 477–78. The *Miller* court "require[s] [the sentencer] to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 480.

I respectfully concur.

**RHONDA K. WOOD, Justice, concurring.** I join the majority's analysis and result. I concur because I would restrain from the suggestion in footnote 1 that the Supreme Court should not have reached the result in *Miller v. Alabama*, 567 U.S. 460, (2012). *Miller* doesn't apply to Hogue, and we have declined requests to extend it. There is no reason to say more.

*Greg Hogue*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

4