Cite as 2020 Ark. 99

# SUPREME COURT OF ARKANSAS
No. CR-18-859

| | | |
|---|---|---|
| | | **Opinion Delivered:** March 5, 2020 |
| EMMITT RILEY | | |
| | APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT |
| V. | | [NO. 22CR-18-30] |
| STATE OF ARKANSAS | | HONORABLE SAM POPE, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED. |

**JOHN DAN KEMP, Chief Justice**

A Drew County Circuit Court jury convicted appellant Emmitt Riley of first-degree murder with a firearm and tampering with physical evidence and sentenced him to life imprisonment only for the murder conviction. Pursuant to *Anders v. California*, 386 U.S. 738 (1967) and Arkansas Supreme Court Rule 4-3(k) (2019), Riley's counsel, Cecilia Ashcraft, has filed a motion to withdraw as counsel and a no-merit brief stating there are no meritorious grounds to support an appeal. After having reviewed the record and briefs, we affirm his convictions and sentence and grant counsel's motion to withdraw.

## I. *Facts*

On February 27, 2018, at approximately 11:30 a.m., Monticello police were dispatched to Davis Street to investigate a homicide involving a gunshot victim, Joshua Martin. When the police arrived at the scene, eyewitnesses stated that Martin and Riley had gotten into a physical altercation, and both men had brandished knives. At one point,

Riley grabbed a pistol and shot Martin. Riley and his friend, Tonya Lawson, got into Riley's vehicle and drove away. Riley called 911 and informed dispatch that he had shot Martin because he had "jumped on [him]." Investigator Kenny Cox proceeded to Riley's residence, verbally Mirandized him, and interviewed Riley, who stated that he had gotten into an altercation with Martin and had shot him with a .25-caliber automatic pistol. Law enforcement located the gun inside a barbeque grill at Riley's residence. Emergency personnel transported Martin to Drew Memorial Hospital where he was pronounced dead at approximately 1:00 p.m.

On February 28, 2018, the State filed a criminal information charging Riley with first-degree murder and evidence tampering. A jury convicted Riley of first-degree murder with a firearm and tampering with physical evidence and sentenced him to life imprisonment in the Arkansas Department of Correction for the murder conviction. Riley filed a timely notice of appeal.

Riley's counsel filed a motion to withdraw and a no-merit brief pursuant to *Anders*, 386 U.S. 738, and Rule 4-3(k)(1). The clerk of this court furnished Riley with a copy of his counsel's brief and notified him of his right to file pro se points, but Riley did not file a brief. In *Riley v. State*, 2019 Ark. 252, we ordered rebriefing and denied without prejudice counsel's motion to withdraw. On October 11, 2019, counsel filed a second motion to withdraw and a substituted no-merit brief pursuant to *Anders*, 386 U.S. 738, and Rule 4-3(k)(1). Riley was given another opportunity to raise pro se points within thirty days of the filing date of counsel's substituted brief, but Riley did not file a brief. The State agrees that

there is no merit to the appeal and recommends that Riley's convictions and sentence be affirmed. We now turn to Riley's no-merit appeal.

## II. *No-Merit Appeal*

In *Anders*, 386 U.S. 738, the Supreme Court of the United States held that "if counsel finds his [or her] case to be wholly frivolous, after a conscientious examination of it, he [or she] should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744. Rule 4-3(k)(1) provides that a no-merit brief "shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal." The test is not whether counsel thinks the circuit court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *Anders*, 386 U.S. at 744. Pursuant to *Anders*, this court is required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

In compliance with the directives in *Anders* and Rule 4-3(k)(1), Riley's counsel states that she has thoroughly examined the circuit court record of this proceeding and has found no error that would support an appeal. As required by Rule 4-3(k)(1), counsel discusses in her brief why the adverse rulings provide no meritorious grounds for appeal. Counsel briefed the following adverse rulings.

## A. Sufficiency of the Evidence

Counsel indicates that Riley failed to challenge the sufficiency of the evidence supporting his murder conviction, and as a result, he may not raise the argument on appeal. To preserve a challenge to the sufficiency of the evidence, a defendant must move for a directed verdict at the close of the State's case and at the close of all the evidence and must state the specific grounds for the motion. Ark. R. Crim. P. 33.1 (2019). This court has held that Rule 33.1 is to be strictly construed. *Pinell v. State*, 364 Ark. 353, 358, 219 S.W.3d 168, 172 (2005). A defendant's failure to adhere to the rule waives any question pertaining to the sufficiency of the evidence to support the verdict. Ark. R. Crim. P. 33.1(c).

Here, Riley's trial counsel did not make a motion for directed verdict either at the end of the State's case-in-chief or at the close of the evidence. In fact, Riley's trial counsel stated in a bench conference that the State had "put on sufficient evidence, taken in the light most favorable to the State, to establish a first degree murder charge," and added, "I just don't feel it's my obligation to drag this out." Because Riley's trial counsel failed to make a directed-verdict motion at trial, we conclude that the sufficiency-of-the-evidence issue is not preserved for appeal. Thus, we are satisfied that Riley's appellate counsel has demonstrated that any appeal on this point would be wholly frivolous.

## B. Additional Adverse Rulings

Next, counsel has outlined each adverse ruling and adequately explained why none presents a meritorious ground for reversal. We conclude that any error was harmless in

4

light of the introduction of Riley's detailed confession during the 911 call, eyewitness testimony, and his own testimony at trial. Having carefully reviewed the record and the briefs, we agree with counsel that none of the rulings adverse to Riley present meritorious grounds for reversal. *See Gordon v. State*, 2015 Ark. 344, 470 S.W.3d 673 (holding generally that each adverse ruling was adequately explained to this court and that any error was harmless in light of Gordon's confession and the corroborating evidence presented at trial).

## C. Conclusion

Based on our review of the record and the briefs presented, we conclude that counsel has complied with Rule 4-3(k)(1), that there are no nonfrivolous issues that support an appeal in this case, and that this appeal has no merit. Therefore, we grant counsel's motion to withdraw and affirm the convictions and sentence.

## III. *Rule 4-3(i)*

Because Riley received a life sentence, this court has complied with Arkansas Supreme Court Rule 4-3(i) (2019) and has examined the record for all objections, motions, and requests made by either party that were decided adversely to him. No prejudicial error has been found.

Affirmed; motion to withdraw granted.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I would order adverse briefing. *Anders v. California* only applies when an appeal of any issue would be "wholly frivolous."

386 U.S. 738, at 744 (1967). On the other hand, "[i]f any of the issues raised are not wholly frivolous, we do not determine whether error was committed, but order rebriefing in adversary form. Consequently, if an appeal from even one of [several adverse rulings] would not be wholly frivolous, the *Anders* procedure should not be employed." *Eads v. State*, 74 Ark. App. 363, 366, 47 S.W.3d 918, 919 (2001). It may be that an argument's potential merit cannot be realized without zealous advocacy. Moreover, arguing for a reasonable extension of the law is not frivolous, even if the argument would be novel in some respect.

In this case, there is at least one set of issues that was raised below and worthy of pursuit here: the exclusion of evidence relating to the victim's character. Specifically, this evidence included documentation of the victim's criminal charges for first- and second-degree assault and an affidavit from the victim's ex-spouse about the basis of those charges, neither of which the trial court allowed into evidence. While trial counsel did not attempt to introduce this evidence until after the guilt phase was completed, this evidence would have been relevant to both the guilt and sentencing phases of this trial. *See* Ark. Code Ann. § 16-97-103(7) (Repl. 2016). These documents were certified and reflected violent character traits of the victim that had manifested near the time of the crime, but the circuit court did not allow the documents into evidence for the jury's consideration. This is in the context of a first-degree murder case where the defendant had known the victim "all his life." There is no indication that Riley was unaware of the circumstances described in the documents at the time of he shot and killed the victim.

Many relevant details as to how the shooting occurred were disputed at trial, but it was not disputed that in the moments before Riley shot and killed the victim, the victim had broken Riley's leg by repeatedly stomping it as Riley was lying on the ground. Moreover, when Riley testified at trial, the prosecutor cross-examined him extensively about allegations of prior violence between Riley and his girlfriend, allegations which Riley denied.

Ultimately, the questions for the jury were whether Riley killed the victim in reasonable self-defense, and if not, how long his sentence should be. Considering that the jury concluded Riley was guilty and gave him the maximum sentence, having heard all about Riley's allegedly violent character but not the victim's, it is fair to reason that the jury's consideration of this evidence could have made a difference. Indeed, because Riley received a maximum sentence, his case falls outside of our jurisprudence providing that a defendant who receives less than a maximum sentence cannot show prejudice from the sentence itself. *See, e.g.*, *Johnson v. State*, 2010 Ark. App. 606, 6, 378 S.W.3d 152, 157 (*citing Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002). In short, this is a significant issue, certainly not "wholly frivolous." By way of example, *Pope v. State*, 262 Ark. 476, 557 S.W.2d 887 (1977) (reversing trial court's exclusion of evidence regarding victim's prior violent acts as hearsay in murder trial where defendant argued self-defense), standing alone, precludes any appropriateness of a no-merit brief in this situation.

Finally, I observe that Riley's appointed counsel states that the failure of Riley's trial counsel to raise certain issues below precludes consideration of those issues on direct

appeal. The review process of a particular issue does stop simply because there was not a specific ruling below, particularly in a life-imprisonment case. Even when there is no adverse ruling by the trial court that is "preserved" in the traditional sense, there are still avenues that may be pursued for relief on appeal. *See, e.g.*, *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). Here, as the majority notes, Riley's trial counsel failed to make a directed-verdict motion at the close of the State's case, and in fact stated that the State had "put on sufficient evidence, taken in the light most favorable to the State, to establish a first degree murder charge," adding, "I just don't feel it's my obligation to drag this out." Incorrect—the Sixth Amendment guarantees an accused person the right to effective advocacy. It was precisely trial counsel's obligation to raise this issue, and his refusal to do so was to ignore his duty as trial counsel. As outlined in *Wicks*, there are some situations where justice warrants appellate review even in the absence of a specific ruling below. Where no directed-verdict motion is made simply because trial counsel does not want to "drag it out," the defendant is not receiving the effective representation of counsel guaranteed by the Sixth Amendment. Under these circumstances, this court should require counsel to argue the sufficiency of the evidence on direct appeal.

I dissent.

*Walthall Law Firm, P.A.*, by: *Cecilia Ashcraft*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.