Cite as 2022 Ark. 219

# SUPREME COURT OF ARKANSAS
**No.** CR-22-151

| | | |
|---|---|---|
| | | **Opinion Delivered** December 8, 2022 |
| TERRY E. BREAK | APPELLANT | |
| V. | | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CR-19-160] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE JOHN PUTMAN, JUDGE |
| | | AFFIRMED. |

### COURTNEY RAE HUDSON, Associate Justice

Appellant, Terry Break, appeals his convictions in the Boone County Circuit Court of multiple counts of rape, second-degree sexual assault, sexual indecency with a child, engaging a child in sexually explicit conduct for use in visual or print medium, and distributing, possessing, or viewing matters depicting sexually explicit conduct involving a child. For reversal, Break argues that (1) substantial evidence does not support any of his convictions, (2) the State made an improper closing argument, and (3) his sentence was excessive. We affirm.

On March 29, 2019, Break was initially charged with five crimes relating to sexual contact with a minor. The criminal information was amended several times, and Break eventually faced seventy-four separate counts. The State charged him with seven counts of rape, three counts of second-degree sexual assault, and three counts of sexual indecency with a child.

Two counts were for intimidating a witness. The remaining counts related to Break's possession of photographs of minors. The crimes were alleged to have occurred between 2005 and 2019.

The jury trial was held November 8–12, 2021. According to the evidence presented at trial, Chris Jamison served as an Omaha police officer and also a school resource officer for the Omaha school district when a student told him that he had been touched inappropriately many times. Jamison's report revealed MC 1 as the student, which led to Break's eventual arrest and prosecution.[1]

The evidence at trial included testimony from three victims. MC 1 testified that he was thirteen years old. He said that from the time he was about four years old, his family lived next door to Break and that he went to Break's house two or three times a week. MC 1 said that he played video games there and slept with Break in his bed. MC 1 recalled Break watching him bathe in the bathtub and taking showers naked with him. He also said that Break took photos of him naked in the house. According to MC 1, "[a]t least once every time [he] went over there," Break put his penis into his mouth. MC 1 said Break would also take MC 1's hand and put it on Break's penis while he slowly fell asleep.

MC 2 was fifteen years old at the time of the trial. He said that Break performed anal sex on him more than once and forced him to perform anal sex on Break. MC 2 also said that Break performed oral sex on him. Additionally, MC 2 said that Break washed him in the

---

[1]Pursuant to Rule 6-3 of the Rules of the Supreme Court, the three juvenile victim/witnesses will be referred to as Minor Child 1 ("MC 1"), Minor Child 2 ("MC 2"), and Minor Child 3 ("MC 3"). *See In re Amendments to Rule 6-3 of the Rules of the Supreme Court & Court of Appeals & Rule 6 of the Rules of Appellate Procedure—Civil*, 2022 Ark. 182 (per curiam).

bathtub, including his back and buttocks. MC 2 further testified that Break took photographs of him and MC 1 naked together.

MC 3 was fifteen years old at the time of the trial. He testified that he spent numerous nights at Break's house and slept with Break most of the time. He said that Break sometimes slept naked. MC 3 recalled that Break would wash his hair and his body, including his back, buttocks, and between his legs. Break would be naked when he bathed MC 3 and sometimes showered with him. MC 3 said that on more than one occasion, Break placed MC 3's hand on Break's penis and went to sleep. MC 3 said that Break once put his penis into his mouth. MC 3 said that Break took naked pictures of him.

Eric Lord, a digital-evidence analyst for the Arkansas Crime Laboratory during the investigation, testified about internet websites that had been accessed from Break's computer. He also testified about finding photographs that had been saved on Break's computer.

The circuit court granted Break's motion for directed verdict as to one rape count and the two counts of intimidating a witness. The circuit court also granted directed verdicts as to thirty charges involving photographs. The remaining counts were submitted to the jury. The jury convicted Break of six counts of rape, three counts of second-degree sexual assault, three counts of sexual indecency with a child, twelve counts of engaging a child in sexually explicit conduct for use in visual or print medium, and seventeen counts of distributing, possessing, or viewing matters depicting sexually explicit conduct involving a child. The circuit court sentenced Break to life imprisonment on each of the six rape counts, plus an additional 488 years for the other convictions. In addition, the circuit court assessed $425,000 in fines plus court costs. Break filed a timely appeal.

I. *Sufficiency of the Evidence*

On appeal, Break first argues that substantial evidence does not support any of his forty-one convictions. In reviewing a sufficiency challenge, we view the evidence in the light most favorable to the State, considering only the evidence that supports the verdict. *McCray v. State*, 2020 Ark. 172, 598 S.W.3d 509. This consideration encompasses all the evidence presented at trial, including that which may have been inadmissible. *Watson v. State*, 2014 Ark. 203, 444 S.W.3d 835. We will affirm a judgment of conviction if substantial evidence exists to support it. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id*. Direct evidence is evidence that proves a fact without resort to inference when, for example, it is proved by witnesses who testify to what they saw, heard, or experienced. *Chatmon v. State*, 2015 Ark. 28, 467 S.W.3d 731. Circumstantial evidence is evidence of circumstances from which a fact may be inferred. *Id*. Circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Armstrong*, 2020 Ark. 309, 607 S.W.3d 491. Whether the evidence excludes every other hypothesis is left to the jury to decide. *Id*. Further, the credibility of witnesses is an issue for the jury, not the court; the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Howard v. State*, 2016 Ark. 434, 506 S.W.3d 843.

To preserve a challenge to the sufficiency of the evidence, a defendant must move for a directed verdict at the close of the State's case and at the close of all the evidence and must state

the specific grounds for the motion. *Riley v. State*, 2020 Ark. 99; Ark. R. Crim. P. 33.1 (2021). We have held that Rule 33.1 is to be strictly construed and that the failure to adhere to the rule constitutes a waiver as to any question pertaining to the sufficiency of the evidence that supports the verdict. *Riley*, 2020 Ark. 99. With these authorities in mind, we turn to Break's specific convictions.

We first consider Break's challenge to his convictions for six counts of rape. A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark. Code Ann. § 5-14-103(a)(3)(A) (Repl. 2006).[2] "Deviate sexual activity" means any "act of sexual gratification involving . . . [t]he penetration, however slight, of the anus or mouth of a person by the penis of another person[.]" Ark. Code Ann. § 5-14-101(1)(A) (Repl. 2006). This court has consistently held that the testimony of a rape victim, standing alone, is sufficient to support a conviction if the testimony satisfies the statutory elements of rape. *Dominguez v. State*, 2020 Ark. 286, at 6. This is equally true when the victim is a child. *Id.*

In reviewing Break's appeal, we note that "this court will not address arguments that are raised for the first time on appeal." *Rogers v. State*, 2018 Ark. 309, at 10, 558 S.W.3d 833, 840 (quoting *Marshall v. State*, 2017 Ark. 347, at 5, 532 S.W.3d 563, 566). At trial, Break moved for a directed verdict as to each rape count. With respect to the three counts involving MC 2, he argued that the State failed to make a prima facie case that oral or anal sex had occurred or

---

[2]The State alleged that Break's charges for rape, sexual assault, and sexual indecency with a child were committed between 2009 and 2019. Although the statutes for each of the offenses have been amended over the years, the material elements have remained the same. Break does not allege that any of the statutory changes would have impacted his convictions in any way.

5

that MC 2 was under the age of fourteen at the time. As to the rapes of MC 1 and MC 3, Break argued only that the State failed to make a prima facie case. On appeal, Break now argues for the first time that the record contains no photographic, DNA, or physical evidence to support any of the claimed sexual contact. He further argues that there is no suggestion of a "completed sex act" and that the lack of corroborating evidence and the long delay in reporting the acts renders the victims' testimony inherently suspect. Break therefore claims that the evidence does not rise above suspicion and conjecture.

Break has changed his sufficiency challenge on appeal. His directed-verdict motion did not include an argument relating to the lack of corroborating evidence, and the circuit court neither considered nor ruled on that issue. Therefore, Break's argument is not preserved for appeal, and we affirm his six rape convictions.

We look next to Break's three convictions for second-degree sexual assault. A person commits sexual assault in the second degree if the person, "[b]eing eighteen (18) years of age or older, engages in sexual contact with another person who is… (A) [l]ess than fourteen (14) years of age; and (B) [n]ot the person's spouse." Ark. Code Ann. § 5-14-125(a)(3) (Repl. 2006). As relevant here, "sexual contact" means "[a]n act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person[.]" Ark. Code Ann. § 5-14-101(8)(A) (Repl. 2006) (current version at Ark. Code Ann. § 5-14-101(12)(A) (Supp. 2021)). This court has observed that the State is not required to provide direct proof that an act is done for sexual gratification if it can be assumed that the desire for sexual gratification is a plausible reason for the act. *Caple v. State*, 2020 Ark. 340, 609 S.W.3d 630.

At trial, Break moved for a directed verdict on each of the counts. As to MC 1, Break argued that the State did not make a prima facie case to support the charge. Break argued that any touching of MC 3 was "parental" in nature. Regarding MC 2, Break argued that his contact with him could not support a separate offense from the rape charge, and that the State had failed to make a prima facie case. On appeal, Break makes the identical argument that he made for his rape convictions. He again claims that the testimony includes no suggestion of a completed sex act and that there is no photographic, physical, or DNA evidence to corroborate the testimony.

Just as he failed to present his corroborating-evidence argument to the circuit court in challenging the sufficiency of the evidence supporting his rape convictions, Break also failed to make this argument with respect to his second-degree sexual-assault convictions. Therefore, this argument likewise is not preserved for appeal, and we affirm Break's convictions for sexual assault in the second degree.

We next look to the sufficiency of the evidence supporting Break's three convictions for sexual indecency with a child. A person commits sexual indecency with a child if:

> (2)(A) With the purpose to arouse or gratify a sexual desire of himself or herself or a sexual desire of any other person, the person purposely exposes his or her sex organs to another person who is less than fifteen (15) years of age.

> (B) It is an affirmative defense to a prosecution under subdivision (a)(2)(A) of this section if the person is within three (3) years of age of the victim; or

> . . .

> (5) Being eighteen (18) years of age or older, the person causes or coerces another person who is less than fourteen (14) years of age to expose his or her sex organs or the breast of a female with the purpose to arouse or gratify a sexual desire of himself, herself, or another person.

Ark. Code Ann. § 5-14-110 (Repl. 2006).

7

In his directed-verdict motion at trial, Break made several arguments challenging the sufficiency of the evidence supporting his convictions for sexual indecency with a child. First, Break argued that MC 1 exposed his sex organs when he was bathing, which, Break argued, did not show that he intended to have MC 1 expose his sex organs. Second, Break argued that if the State contended that he was producing child pornography by taking a photograph, it could not "double dip" and also charge him with sexual indecency with a child. As to MC 2 and MC 3, Break argued that the State failed to make a prima facie case that exposure of the sex organs was done for the purpose to arouse or gratify the sexual desire of either individual. Break's argument on appeal is different. As he does with his challenges to his rape and second-degree sexual assault convictions, Break argues that the lack of corroborating evidence renders the victims' testimony unreliable and insufficient.

Break's appellate challenge to the sufficiency of the evidence supporting his convictions for sexual indecency with a child is identical to his appellate challenges to his rape and second-degree sexual-assault convictions. As with his appeal of those convictions, Break has changed his argument on appeal. Because Break did not present his corroborating-evidence argument to the circuit court in his directed-verdict motion, the issue is not preserved for appeal. We therefore affirm Break's convictions for three counts of sexual indecency with a child.

We look next to Break's challenge to the sufficiency of the evidence supporting his twelve convictions for engaging a child in sexually explicit conduct for use in visual or print medium. The State based the charges on the photographs consisting of exhibits 2, 4, 5, 6, 91, 92, 93, 95, 97, 99, 100, and 101. The State alleged that the offenses were committed between 2005 and 2019.

A person is guilty of engaging a child in sexually explicit conduct for use in visual or print medium  if the person "employs, uses, persuades, induces, entices, or coerces any child to engage in or who has a child assist any other person to engage in any sexually explicit conduct for the purpose of producing any visual or print medium depicting the sexually explicit conduct[.]" Ark. Code Ann. § 5-27-303(a) (Repl. 2013) (amended 2013).[3] Our statutes define "sexually explicit conduct" as actual or simulated:

> (A) Sexual intercourse, including genital–genital, oral–genital, anal–genital, or oral–anal, whether between persons of the same or opposite sex;
> (B) Bestiality;
> (C) Masturbation;
> (D) Sadomasochistic abuse for the purpose of sexual stimulation; or
> (E) Lewd exhibition of:
>> (i) The genitals or pubic area of any person; or
>> (ii) The breast of a female[.]

Ark. Code Ann. § 5-27-302(4) (Repl. 2006).

The photos at issue in these counts did not involve any sexual activity. However, the State claimed that the photos qualified as sexually explicit conduct because they were a "lewd" depiction of the victim's genitals. At trial, Break argued that the nudity depicted was not "lewd." On appeal, the entirety of his argument is that

> [n]one of the photographs (except for the possible exception of State's Ex. 129) depict any "sexually explicit *conduct*" as required by the plain words of the statute. While the photos of nude minors may be disturbing, the statute requires "sexually explicit *conduct*" which is simply not present in the photos; therefore, the convictions for violation of § 5-27-303 are not supported by substantial evidence.

---

[3]Although section 5-27-303 has been amended during the time period the crimes were alleged to have occurred, Break makes no argument that any changes had a material impact on his convictions.

(Emphasis in original.)

Break has changed his argument on appeal. Instead of pressing his lewdness challenge, he now asserts that some type of activity is required.[4] That argument was not presented to the circuit court in his directed-verdict motion and is not preserved for our review. We therefore affirm Break's convictions for twelve counts of engaging a child in sexually explicit conduct for use in visual or print medium.

Break's final sufficiency challenge is that the evidence was insufficient to sustain his convictions for distributing, possessing, or viewing matters depicting sexually explicit conduct involving a child. These counts included the same twelve photographs that formed the basis for his convictions of engaging a child in sexually explicit conduct for use in visual or print medium. The State charged Break with committing the offenses between 2005 and 2019. Break was convicted of these counts pursuant to Arkansas Code Annotated section 5-27-602 (Repl. 2006), which provides in pertinent part:

> (a) A person commits distributing, possessing, or viewing of matter depicting sexually explicit conduct involving a child if the person knowingly:
> . . .
> (2) Possesses or views through any means, including on the Internet, any photograph, film, videotape, computer program or file, computer-generated image, video game, or any other reproduction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct.

Break made the same directed-verdict argument as to these counts as he did for his charges of engaging a child in sexually explicit conduct for use in visual or print medium. He

---

[4]Break's reference to State's exhibit 129, which does show activity, makes clear that he is arguing that sexually explicit "conduct" requires some type of activity instead of lewd depiction of the genitals.

claimed at trial that the photos were not a lewd exhibition of the genitals. On appeal, Break's challenge is identical to his previous point:

> The same photos as addressed in Point IV above were also used to support the charges for violating § 5-27-602. And the same analysis applies—the plain words of the statute require not merely nude photos, but "sexually explicit *conduct*." The photos here contain no such "conduct" and therefore the convictions for violation of § 5-27-602 are not supported by substantial evidence.

(Emphasis in original.)

Because Break's argument on appeal is the same here, our analysis is the same as for his previous point. Break has not preserved his argument that specific activity is required. We therefore affirm Break's convictions for distributing, possessing, or viewing matters depicting sexually explicit conduct involving a child.

## II. *Closing argument*

We now move from Break's sufficiency challenges to his other appellate points. Break's second point on appeal is that the State made an improper closing argument. Specifically, the prosecuting attorney quoted Psalm 82 twice in her closing argument: "Defend the weak and the fatherless. Uphold the cause of the poor and the oppressed. Rescue the weak and the needy. Deliver them from the hand of the wicked." Break contends that it is improper to rely on a religious text to urge a conviction instead of the legal text of the relevant statutes and cases.

Regardless, Break did not object either time the prosecutor quoted Psalm 82. This court has held that "[a]bsent a contemporaneous objection at trial, we will not review alleged errors in the State's closing argument." *Lard v. State*, 2014 Ark. 1, at 27, 431 S.W.3d 249, 269. Because Break failed to object, his argument is not preserved for appeal. We therefore affirm on this point.

11

## III. *Sentencing*

Break's third and final appellate point is that his sentence was excessive. The circuit court sentenced Break to life in prison plus 488 years. It also assessed $425,000 in fines plus additional costs. Break claims that his sentence amounts to cruel and unusual punishment in violation of the state and federal constitutions. He does not claim any specific sentence is unauthorized or illegal.

At trial, after the jury returned its sentencing verdicts, the circuit court asked Break's counsel if he knew of any reason the sentence should not be imposed. Counsel responded, "I do not, Your Honor." A defendant who makes no objection at the time the sentence is imposed has no standing to complain about it on appeal. *Holt v. State*, 2011 Ark. 391, 384 S.W.3d 498. Even constitutional arguments will not be addressed when raised for the first time on appeal. *Id*. Because Break did not object to his sentence at trial, his arguments are not preserved for appellate review. Therefore, we affirm the sentences the circuit court imposed.

## IV. *4-3(a) Review*

Because Break received a life sentence, the record has been examined for all objections, motions, and requests made by either party that were decided adversely to him in compliance with Arkansas Supreme Court Rule 4–3(a) (2021), and no prejudicial error has been found.

Affirmed.

*Tim Cullen*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen.; and by *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.