Cite as 2025 Ark. 41

# SUPREME COURT OF ARKANSAS
**No.** CR–24–240

|  |  |  |
|---|---|---|
| WARREN GOODRUM | APPELLANT | **Opinion Delivered:** April 17, 2025 |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-18-3598] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE KAREN D. WHATLEY, JUDGE |
| | | <u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

Warren Goodrum received a mandatory sentence of life imprisonment without parole for his capital-murder conviction that he committed at age eighteen. On appeal, he seeks to overrule our precedent and extend *Miller v. Alabama*, 567 U.S. 460 (2012). *Miller* requires those who sentence offenders under the age of eighteen at the time of the offense to consider the offenders' unique and individual circumstances such as cognitive development. *Id*. Because Goodrum did not raise this issue at trial, it is not preserved on appeal and we affirm.

## I. *Facts*

Goodrum confessed to the murder of Treyvon Gomillion. Amy McGinty, Goodrum's cousin, wanted to kill Gomillion because she believed Gomillion had deliberately impregnated her during a consensual sexual encounter. After luring Gomillion to a wooded area, Goodrum shot him, stabbed him seventeen times, slit his throat, and took

the money from his wallet. Gomillion's body was found partially unclothed, in boxer shorts and a shirt, and covered by branches and debris. The jury found Goodrum guilty of capital murder with a firearm and abuse of a corpse. After the guilt phase of the trial, Goodrum agreed to be sentenced by the circuit court instead of by the jury. The State did not seek the death penalty, so the mandatory sentence for the capital-murder charge was life imprisonment without parole. Ark. Code Ann. § 5-10-101(c)(1)(A) (Supp. 2017). Also, the circuit court sentenced him to a five-year enhancement for the use of a firearm to commit capital murder (consecutive) and a ten-year sentence for abuse of a corpse (concurrent). Goodrum appeals.

## II. *Argument*

Goodrum raises one issue, and it is not preserved for our review. He argues that because he was eighteen years old when he committed the offense, the mandatory sentence of life imprisonment without parole violates the Eighth Amendment and *Miller* should apply.[1] This would require us to reverse and allow the sentencing court to hear testimony and consider whether there is a more appropriate sentence, despite none existing under current statutory law.

Yet we cannot address his argument. Goodrum did not raise this issue—that *Miller* should apply to him as it does to juvenile offenders—at his trial. In fact, Goodrum did not make any objection to the imposition of the mandatory life imprisonment without parole

---

[1]We have previously declined to extend *Miller* to individuals who were eighteen years or older at the time of their offenses. *See, e.g.*, *Stokes v. Payne*, 2024 Ark. 56, 686 S.W.3d 494; *Gibbs v. Payne*, 2023 Ark. 29, 660 S.W.3d 579; *Benton v. Kelley*, 2020 Ark. 237, 602 S.W.3d 96.

at sentencing. Rather, Goodrum's attorney expressly agreed that "[Goodrum's] sentence for capital murder is life without the possibility of parole . . . ." The circuit court, then, entered the sentence as stated on capital murder and sentenced him on the other charges.

It is our longstanding rule that we will not consider arguments, even constitutional arguments, raised for the first time on appeal. *See, e.g.*, *Break v. State*, 2022 Ark. 219, at 12, 655 S.W.3d 303, 311. Goodrum failed to raise this issue at sentencing and expressly acknowledged he would receive a sentence of life imprisonment without parole on the capital-murder charge. As the issue is not preserved, we do not address it and affirm.

Affirmed.

Special Justice BILENDA HARRIS-RITTER joins.

BRONNI, J., not participating.

*David Joseph Deutch*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.