Cite as 2026 Ark. App. 254

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-25-465

| | | |
|---|---|---|
| | | Opinion Delivered April 29, 2026 |
| STEPHEN LISTER | | |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| V. | | [NO. 60CR-23-3894] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE LEON JOHNSON, JUDGE |
| | | AFFIRMED |

**N. MARK KLAPPENBACH, Chief Judge**

Following a jury trial in the Pulaski County Circuit Court, Stephen Lister was found guilty of two counts of first-degree sexual assault and one count of sexual indecency with a child. He was sentenced to a total of thirty-six years' imprisonment. On appeal, Lister challenges the sufficiency of the evidence supporting the sexual-assault convictions and argues that the circuit court erred in allowing an amendment of the charges. We affirm.

Lister was accused of committing two counts of sexual assault against a minor child (MC) whom he met while employed as a teacher and coach at her private school.[1] MC testified that she first met Lister in the fall of 2018 when she was fourteen years old. Over the next three years until Lister's resignation, Lister served at times as MC's basketball coach,

---

[1]The charge of sexual indecency with a child involved a different victim.

her health teacher, and her advisor. MC testified that they initially developed a "very friendly" relationship that progressed to a "more romantic relationship." They spent time alone together at school and began communicating extensively outside of school through messaging and video calls, where they had "intimate discussions." MC testified that Lister touched her in a sexual manner and ultimately digitally penetrated her vagina on two occasions in the fall of 2021. She testified that the first instance occurred before Lister's resignation from the school on October 2, 2021. She said the second instance happened shortly thereafter, but she was unsure if it was before or after his resignation. MC said that she still viewed Lister as an authority figure after his resignation.

Before resting its case, the State moved to amend the two counts of sexual assault from the definition in Arkansas Code Annotated section 5-14-124(a)(2) (Supp. 2021) to the definition contained in section 5-14-124(a)(1)(D). Lister's attorney's only objection was that he did not think the State had satisfied that definition, to which the court responded that he could make that argument in his motion for directed verdict. The motion to amend was granted. After the State rested, Lister moved for a directed verdict "on count two because the time element is speculative. He left the employ of the school district on October 1, 2021, and there's no specific times that––I don't know when it was. It could have been after." Lister's attorney stated that "[o]n the other counts, there's enough for the jury to decide." The motion for directed verdict was denied, and Lister was ultimately convicted of all charges.

On appeal, Lister first argues that there was insufficient evidence to support his conviction for sexual assault under Arkansas Code Annotated section 5-14-124(a)(2).[2] As stated above, however, the charges were amended at trial, and Lister was not convicted under subdivision (a)(2). Lister next argues that there was insufficient evidence to convict him under section 5-14-124(a)(1)(D). Under subdivision (a)(1)(D), a person commits first-degree sexual assault if the person engages in sexual intercourse or deviate sexual activity with a minor who is not the actor's spouse, and the actor is an employee in the victim's school or school district, a temporary caretaker, or a person in a position of trust or authority over the victim. Lister argues that there was insufficient proof that at the time of the assault, he was either a temporary caretaker or a person in a position of trust or authority over MC. This argument is not preserved.

To preserve a challenge to the sufficiency of the evidence, a defendant must move for a directed verdict at the close of the State's case and at the close of all the evidence and must

_____

[2]Section 5-14-124(a)(2) provides that a person commits sexual assault in the first degree if the person is a teacher, principal, athletic coach, or counselor in a public or private school in kindergarten through grade twelve (K-12) and the actor:

>   (A) Engages in sexual intercourse or deviate sexual activity with a person who is not the actor's spouse and the victim is:
>
>   (i) Less than twenty-one (21) years of age; and
>
>   (ii) A student enrolled in the public or private school employing the actor; and
>
>   (B) Is in a position of trust or authority over the victim and uses his or her position of trust or authority over the victim to engage in sexual intercourse or deviate sexual activity.

3

state the specific grounds for the motion. Ark. R. Crim. P. 33.1. Rule 33.1 is to be strictly construed, and the failure to adhere to the rule constitutes a waiver as to any question pertaining to the sufficiency of the evidence to support the finding of guilt. *Break v. State*, 2022 Ark. 219, 655 S.W.3d 303. A party is bound by the nature and scope of the objections and arguments made at trial and may not enlarge or change those grounds on appeal. *Gladden v. State*, 2025 Ark. App. 78, 706 S.W.3d 741.

In his directed-verdict motion, Lister argued that the deviate sexual activity could have taken place after his resignation. In other words, he argued that there was insufficient evidence that he was a school employee at the time of the assault. A defendant's employment at a school, however, is only one way to prove this offense. As stated above, subdivision (a)(1)(D) provides that the actor must be "an employee in the victim's school or school district, a temporary caretaker, *or* a person in a position of trust or authority over the victim." Ark. Code Ann. § 5-14-124(a)(1)(D) (emphasis added). Lister failed to raise the argument below that he now makes on appeal regarding his status as a temporary caretaker or a person in a position of trust or authority. Accordingly, this argument is not preserved.

In his last point on appeal, Lister argues that the circuit court erred in allowing the State to amend the charges at trial. The State is entitled to amend an information at any time before the case is submitted to the jury as long as the amendment does not change the nature or degree of the offense charged or create unfair surprise. *Hill v. State*, 370 Ark. 102, 257 S.W.3d 534 (2007). On appeal, Lister argues that the amendment created unfair surprise. At trial, Lister questioned only whether the State could prove the new charges; he

4

did not allege unfair surprise or otherwise argue that the State should not be allowed to amend the charges. It is well settled that arguments not raised at trial will not be addressed for the first time on appeal. *Plessy v. State*, 2012 Ark. App. 74, 388 S.W.3d 509. Accordingly, his argument that the circuit court erred in allowing the amendment is not preserved.

Affirmed.

GLADWIN and HIXSON, JJ., agree.

*Debra Reece Johnson*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.