Cite as 2026 Ark. 112
# SUPREME COURT OF ARKANSAS
No. CR–25–645

| | | |
|---|---|---|
| NAKII HOLLOWAY | | **Opinion Delivered:** June 11, 2026 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION [NO. 60CR-23-2829] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE KAREN D. WHATLEY, JUDGE |
| | APPELLEE | |
| | | <u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

Nakii Holloway ("Nakii") was convicted of two counts of capital murder and three counts of terroristic threatening, with firearm enhancements, in the shooting death of Sade Turner and her unborn child. Nakii argues that his Sixth Amendment right to confront witnesses against him was violated when the circuit court allowed the State to play a recording of a witness interview that contained a statement from a person not available for cross-examination. Because Nakii failed to raise an issue about the right to confront this person's statement at his trial, it is not preserved. We affirm.

## I. *Facts*

A summary of the facts introduced at trial is as follows. In November 2021, Nakii Holloway and his brother Naim drove their red Jeep Liberty from their house on Republic Lane to the corner of Keats Drive and Dreher Lane in Little Rock. There, Nakii fired multiple 10-millimeter bullets from the Jeep into a white car driven by Sade Turner, who was twelve weeks pregnant. Turner's main injury resulted from a bullet that hit her in the

back, went through her chest, right lung, and veins, and destroyed the upper part of her chest plate. When law enforcement arrived at the accident, Turner and her unborn child were deceased. The Holloway brothers drove their Jeep back home, but a badly burned red Jeep Liberty was later found.

Approximately two minutes after the shooting, a call was placed from Naim's cell phone to Xavier Johnson. Johnson was with his cousin, Mykell McFee, and had the call on speakerphone. McFee overheard the conversation. Johnson was subsequently murdered. When law enforcement questioned McFee as a witness to Johnson's murder, he told them about the prior phone call. In an audiotaped interview, McFee described the conversation between Johnson and Nakii[1] as follows:

> He was like -- he was like, "that n----, Kai Man [Nakii Holloway]-- yeah. He was like -- he was like - - damn, yeah. That n----, Zay, told me about that. He heard about that and told me 'bout what happened up there on Geyer Springs. I'm like -- right after that then Kai Man was like, "Hell, yeah. That was a free score. I'm gonna do a duo (sic)". And he was like, he's about to go burn a truck right now.

(The (sic) parenthetical appears in the transcript.) McFee explained to detectives that a "free score" meant "a free kill" and that Nakii was about to burn the red Jeep.

Nakii and Naim Holloway were tried together in Pulaski County Circuit Court.[2] The State called McFee as a witness and sought to question him about the phone call he had described to police in his interview. McFee admitted that he had spoken to police regarding the Xavier Johnson murder investigation, and that he had been hanging out with

---

[1]The call was on Naim's cell phone, but McFee identified the caller as Nakii.

[2]Naim Holloway was acquitted of capital murder and found guilty of three counts of committing a terroristic act.

Johnson and others on the day of the murder. Yet he testified that he did not remember any statements he made during his interview. McFee persisted in claiming lack of memory even after the prosecutor attempted to refresh McFee's recollection by showing him a transcript of his statement. McFee, who was incarcerated at the time, admitted that he did not want to testify at the trial and be labeled a "snitch."

Eventually, the State sought to introduce the recorded audiotape of McFee's statement to detectives. Nakii objected on confrontation-clause grounds, arguing that because McFee claimed he did not remember, McFee was effectively unavailable for cross-examination. The circuit court overruled the objection and admitted the recording, citing *Kennedy v. State*, 344 Ark. 433, 42 S.W.3d 407 (2001). It explained that there was no confrontation-clause issue as the defense had the opportunity to question McFee on the stand. Nakii Holloway was convicted and now appeals.

II. *Argument*

Nakii raises one issue, but it is not preserved for our review. He argues that the circuit court violated his Sixth Amendment right to confront witnesses against him. We review a confrontation-clause claim to determine whether the error was harmless. *McNeil-Lewis v. State*, 2023 Ark. 54, 661 S.W.3d 195. It must be harmless beyond a reasonable doubt, and that involves assessing "a host of factors" such as the witness testimony, the cumulative nature of the testimony, the extent to which cross-examination was or would be permitted, and the overall strength of the State's case. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986).

The State called McFee to the stand, but McFee claimed he no longer recalled much of what occurred. McFee specifically could not recall the details of his statements to law enforcement. The State introduced and played the recording of McFee's interview with Detectives Henderson and Williams over Nakii's objection. The objection at trial is different from Nakii's argument on appeal.

At trial, Nakii argued that playing the recording violated the Confrontation Clause. He contended that he could not cross-examine McFee about the statement because McFee was insisting he could no longer recall it. Here was the objection:

> I understand, Judge. Just let me make sure that I make a clear record of what I'm objecting to. If the Court is going to allow a statement to be made by -- a statement to be played that was recorded by Detective Henderson, that no defense attorney was there. Nobody had the ability to cross-examine that statement and the defendant -- not the defendant, but the witness, being here today, is denying a memory of a particular event, and we're going back and playing the statement that there was no defense attorney to be able to cross-examine or confront.
>
> Then one, I'm making the argument that that denies my clients, both of them, the right to confront a witness and the right to cross-examine a witness. Essentially, the way this is being argued is that people can make statements, and they can make complete fabrications, if they wish, and when confronted in court, if they don't remember those fabrications, then the easiest way to navigate it in is to have the state have it played back or have the detectives testify to it, and I think that that violates the [6th] Amendment right to confront a witness against one and the right to cross-examine.

This centered on neither brother being able to effectively cross-examine McFee, the witness with the faulty memory. Nakii also objected based on McFee identifying Nakii as the caller, but the cross-examination of the identification was limited. The circuit court overruled the objection and clarified as follows:

THE COURT:          Okay, so play the statement. Period. The end. I mean, you've already asked Detective Henderson, "Based on what you were

4

told by Mr. McFee, did you go get phone records?" Those are already taken care of. So I'm overruling your Confrontation Clause, based on you are going to get to confront him. . . . I do believe that it's not a violation of the Confrontation Clause because you do get to confront him today. Maybe you can make him remember something. Have I addressed all of the issues because I don't want anything waived for the purposes of any appeals, if that were to ever happen?

MR. MORRIS:        I think that you covered it.

On appeal, Nakii shifts his argument and contends that because the recording included McFee detailing statements from Xavier Johnson, who is now deceased, he was denied his right to cross-examine Johnson. As quoted above, Nakii did not mention any issue with being unable to cross-examine Johnson.

We will not consider arguments raised for the first time on appeal. *Goodrum v. State*, 2025 Ark. 41, at 3; *Break v. State*, 2022 Ark. 219, at 12, 655 S.W.3d 303, 311. To preserve an argument for appeal, the objection must be at the first opportunity and be specific enough to inform the circuit court of the particular error alleged. *Id.* This allows the opportunity to address any perceived errors immediately. Although Nakii raised a Confrontation Clause objection, the specific objection he raised at trial is different and involved a different witness.

From the arguments Nakii raised at trial, the circuit court was not made aware of and did not rule on whether playing the recording violated Nakii's Sixth Amendment rights because Johnson could not be cross-examined. Moreover, the circuit court gave defense counsel the opportunity to clarify the objection, which was the time to argue that Johnson was unavailable for confrontation-clause purposes. This did not occur. Because the issue is not preserved, we do not address it and affirm.

Affirmed.

WOMACK, J., concurs without opinion.

Special Justice CODY KEES concurs.

WEBB, J., not participating.

**Special Justice CODY KEES, concurring.** I concur in affirming the circuit court, but write separately because I would reach the merits rather than rest on preservation grounds. Nakii's trial objection was sufficient to alert the circuit court to the Confrontation Clause issue now raised on appeal. Reaching the merits, however, I agree that no Sixth Amendment violation occurred. Johnson's remark was a casual observation made to his cousin during a private phone call—precisely the kind of nontestimonial statement that *Crawford v. Washington*, 541 U.S. 36 (2004), and *Davis v. Washington*, 547 U.S. 813 (2006), place outside the Confrontation Clause's reach—made with no purpose of creating evidence for prosecution and with no reasonable anticipation that the exchange would ever be used at trial. Because the statement was nontestimonial, the Confrontation Clause simply does not apply, and I would affirm on that basis.

*Jimmy C. Norris*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Mallory Wood*, Ass't Att'y Gen., for appellee.